HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLIFTON WHIDBEE,<br><br>      Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY,<br><br>      Defendant. | CASE NO. C14-683 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5) |

## I. INTRODUCTION

THIS MATTER is before the Court on the Defendants' Motion to Dismiss for insufficient service of process. [Dkt. #13]

Plaintiff Whidbee was injured during the execution of a search warrant on his home. Whidbee sued in state court, claiming that Pierce County and one of its deputies violated his federal civil rights and were negligent under state law.

Whidbee did not serve either defendant before the limitations period (as extended by filing the complaint, under state law) expired. When its deputy was finally served, Pierce County removed the case. It now seeks dismissal, arguing the defendants were not timely served. Whidbee argues that he had (an additional) 120 days to serve the defendants after the case was removed, and that because he served them during that period, his claim is timely.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5) - 1

## II.  BACKGROUND

On November 19, 2010, Pierce County Deputies executed a search warrant on Whidbee's home. During the execution, Deputy Allen threw a flash-bang grenade into the home which exploded on or near Whidbee and burned his right arm and lower abdomen. Whidbee was arrested[1] and remained in Pierce County Jail until November 24, 2010.

On October 10, 2013, Whidbee sued Pierce County and Allen in King County Superior Court, alleging that they violated his civil rights and negligently executed the search warrant. Whidbee served the Pierce County Risk Management Office on October 16, 2013. Whidbee did not personally serve Allen until April 7, 2014. Allen and Pierce County removed the case on May 7, 2014. Whidbee did not serve the Pierce County Auditor (the county official upon whom service must be made) until August 29, 2014.

Allen and Pierce County seek dismissal, arguing that under state law, Whidbee had to serve them within ninety days of the date he filed his complaint. RCW 4.16.170.  They claim the action is time-barred because Whidbee did not serve either defendant within that ninety-day period, and the limitations period expired before he properly served either of them (and before they removed the case here).

Whidbee implicitly concedes that he did not timely serve the defendants under state law, but argues that because the case has been removed, the timeliness of service is judged against Fed. R. Civ. P. 4, not the state statute.  He argues that Rule 4 is flexible and should be liberally construed, so long as a party receives sufficient notice of the claim. He argues that Pierce County and Allen both had ample, actual notice of his claim prior to removal (and prior to the expiration

---

[1] It is not clear why the deputies searched Whidbee's home, what they found, or why they arrested him.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5) - 2

of the limitations period) because the Risk Manager immediately sent Whidbee's complaint to the Prosecutor and the Sherriff.

Whidbee claims he intended to serve (and, indeed, thought that he *had* served) the Pierce County Auditor. He claims his process server assured him that the Auditor would be served in a timely manner, and that he did not learn that service was contested until August 28, 2014. Whidbee also argues that he had an additional 120 days after removal to serve the defendants, and that he did serve both of them before that period expired.

### III. DISCUSSION

#### A. Rule 12(b)(5)

The court will dismiss actions that have not been properly served. FRCP 12(b)(5). Once service is challenged, the plaintiff bears the burden of showing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). State law governs the sufficiency of the state court process. 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3738 (4th ed. 2014).

#### B. State law rules for service of process

To properly serve a county under Washington law, a plaintiff must serve the county auditor. RCW 4.28.080(1). To serve an individual defendant, a plaintiff must serve "the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15).

When a complaint is filed in Washington state court, the plaintiff has ninety days to serve the defendants. RCW 4.16.170. The statute of limitations is tolled during this period. *Id.* But if service is not timely made, the fact that the plaintiff filed suit does not prevent the limitations

period from expiring: "[i]f following . . . filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." *Id.*

### C. State law statute of limitations

Whidbee's state and federal law claims are both subject to Washington's three year limitations period. RCW 4.16.080(2); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (limitations period for § 1983 claims is three years in Washington). Filing tolls the limitations period for only ninety days. If service is not made within that 90 day period, and the limitations period expires, the claim is not timely. *See Gross v. Sunding*, 139 Wash. App. 54, 60, 161 P.3d 380, 383 (2007).

### D. Service was insufficient as a matter of law and Whidbee's claim is time-barred.

Whidbee argues that the federal removal statute and Federal Rule 4(m), allow deficient state service to be cured at the federal level, even if the statute of limitations has expired. *See* 28 U.S.C. § 1448; FRCP 4(m). He also claims he substantially complied with the Rule 4 because the defendants received actual, timely notice of the suit.

There is a line of persuasive cases holds that failure to comply with state law service requirements requires dismissal because the action is barred at the state level. *See*; *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976) (Removal "cannot be utilized to breathe jurisprudential life in federal court into a case legally dead in state court") *superseded by statute on unrelated grounds*; *Morton v. Meagher*, 171 F. Supp. 2d 611, 615 (E.D. Va. 2001) ("Nothing in the text, or the legislative history, of § 1448 permits it to serve as a phoenix for the ashes of an action that could not have survived in the state courts."); *see also Cardenas v. City of Chicago*, 646 F.3d 1001 (7th Cir. 2011) ("Because this attempt at service occurred before the case was removed, Illinois service of process rules govern whether the attempt was legally

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5) - 4

sufficient."); *Wolfe Cycle Sports, Inc. v. Yamaha Motor Corp.*, 366 F.Supp.2d 885 (D. Neb. 2005).

Another line of cases holds that §1448 and Rule 4(m) give the district court discretion whether to grant the plaintiff leave to perfect service. "Given the strong policy underlying the Federal Rules of reaching the merits of an issue rather than dismissing a case on a technicality, it seems the interplay of § 1448 and Rule 4(m) actually encourages courts to direct plaintiffs to perfect service." *Baumeister v. New Mexico Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1353 (D.N.M. 2006); *see also Rice v. Alpha Sec.*, 556 Fed. Appx. 257 (4th Cir. 2014).

The former line is more persuasive. A case that is legally dead at the state court level should not be subject to resurrection based on the defendant's act of removal. Cases suggesting the opposite are readily distinguishable. The New Mexico service statute at issue in *Baumeister*, for example, tolls the limitations period *indefinitely,* so long as the plaintiff is attempting to serve process with "reasonable diligence." 409 F. Supp. 2d at 1354. Washington has no similar provision; its statute tolls the limitations period for only 90 days, and if the plaintiff fails to perfect service during that time, "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." RCW 4.16.170.

*Rice* held that removal created a new 120-day period under Virginia's unusual "voluntary non-suit" provision, which can permit a plaintiff to toll the limitations period a second time. The Fourth Circuit concluded that the claim was not actually dead at the state law level—a conclusion that this court cannot reach here.

And, even if removal could potentially revive an otherwise dead claim, there has not been a showing of good cause in this case.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5) - 5

Whidbee's limitations period began to run when he was released from jail on November 24, 2010.[2] Whidbee filed his complaint less than three years later (on October 10, 2013), but he failed to serve the defendants prior to the end of the ninety-day tolling period, which expired on January 8, 2014. Subsequent service was not effective, even after the case was removed. Whidbee's claims are time-barred.

The Motion to Dismiss is GRANTED, and this matter is DISMISSED with prejudice. IT IS SO ORDERED.

Dated this 16th day of December, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[2] Washington law tolls the limitations period while a plaintiff is incarcerated. RCW 4.16.190

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5) - 6